## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | | |
|---|---|---|
| KENNETH FOX | * | |
| 127 Riverside Drive | * | |
| Chester, MD 21619 | * | |
| | * | |
| | * | |
| Plaintiffs, | * | Civil Action No. _____ |
| | * | |
| v. | * | **JURY TRIAL DEMANDED** |
| | * | |
| KENNETH BOLINGER | * | |
| 265 Willis Road | * | |
| Etters, PA 17319 | * | |
| | * | |
| Defendant | * | |

## COMPLAINT & JURY DEMAND

COMES NOW the Plaintiff, Kenneth Fox, by and through his attorneys, Richard W. Evans, Esquire, James G. Fegan, III, Esquire and McCarthy Wilson, LLP, and sues the Defendant, Kenneth Bolinger, and states:

## PARTIES

1.     Plaintiff Kenneth Fox (herein after sometimes referred to as "Mr. Fox" or "Plaintiff"), is an individual residing at 127 Riverside Drive, Chester, Maryland 21619.

2.     Upon information and belief, Defendant Kenneth Bolinger (herein after sometimes referred to as "Mr. Bolinger" or "Defendant") is an individual residing at 256 Willis Road, Etters, Pennsylvania 17319.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1332.

4.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

5.    This Court has personal jurisdiction over the Defendant because he routinely engages in conduct in the State of Maryland out of which some or all of the claims asserted in this Complaint arise.

6.    Venue is properly had in this Court under 28 U.S.C. §1391(b) because the Defendant has and/or continues to transact substantial business in the State of Maryland and some or all of the offending conduct giving rise to this Complaint occurred in the State of Maryland.

## FACTS COMMON TO ALL COUNTS

7.    In or about the summer of 2017, Mr. Fox and Mr. Bolinger became acquainted as Mr. Bolinger had a 1975 60 foot Chris Craft motor yacht (the "Boat) that he was looking to sell and Mr. Fox was interested in purchasing the Boat as a live-aboard vessel, which would act as his primary residence.

8.    On or about August 16, 2017 Mr. Fox and Mr. Bolinger entered into a "Boat Buyer/Seller Purchase Agreement" in which Mr. Bolinger would sell Mr. Fox the Boat.

9.    The "Boat Buyer/Seller Purchase Agreement" stated that the total price of the contract was $161,500.00.

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

2

10.     This agreement was subject to a survey of the Boat and that the Boat was insurable at a normal rate.

11.     As a result of the condition of the Boat and the results of the survey, the Parties agreed that a number of repairs were necessary and would be completed by the Defendant and the sale was contingent upon these repairs.

12.     The necessary and agreed upon repairs were memorialized in numerous addendums and emails.

13.     Defendant made numerous statements to the Plaintiff that the repairs would be made, that he was working on certain issues, that the repairs would be completed by certain dates, that the Boat would be ready to finalize sale, and that the Boat would be insurable at normal rates with repairs.

14.     As the closing date approached, Defendant had not completed the repairs; however, on Defendant's representations that the repairs would be made and completed within a certain timeframe, Plaintiff signed a "Loan (Mortgage) Agreement" on or about May 21, 2018 that had an effective date of June 1, 2018.

15.     Defendant continued to fail to complete all necessary repairs; however, Plaintiff had to move on to the Boat as his apartment lease was up and the Boat was intended to be used as his primary residence.

16.     As the Boat was going to be the Plaintiff's primary residence, Plaintiff sold at a discount or donated most of his furnishing and donated his previous boat to a museum.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

17.     While Plaintiff was living aboard the Board, Defendant made few attempts to make any of the repairs and Plaintiff was required to begin making some of the repairs on his own so that the Boat would be livable.

18.     Eventually, the Defendant stopped making attempts to perform any of the agreed upon repairs after having had well over a year to perform the contracted work and at times stopped responding to the Plaintiff's correspondence seeking to resolve the outstanding issues.

19.     As a result of the repairs not being made, the boat remained uninsurable and/or uninsurable at a normal rate until the repairs were made, particularly those repairs included on the survey that had been performed.

20.     Despite the agreements having been signed, the title to the Boat was never transferred to the Plaintiff.

21.     As the Boat was uninsurable and not in acceptable living conditions as the necessary and agreed upon repairs were not made, Plaintiff was forced to move off of the Boat and surrender the Boat back to the Defendant who still maintained legal title.

22.     Plaintiff was caused to expend seven thousand five hundred dollars ($7,500.00) on the down payment, three thousand one hundred sixty dollars ($3,160.00) in surveys, three thousand six hundred ninety eight dollars and fifty cents ($3,698.50) on slip fees, and in excess of four thousand dollars ($4,000.00) on repairs to the boat that were necessary.

23.     Plaintiff had to repurchase furnishings to replace the items that he sold or donated when moving on to the Boat and he was forced to borrow money from his

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

4

retirement to make a down payment on the new primary residence, causing him to incur penalties, lose interest, and be unable to deposit or receive company matching for six months.

24.   Defendant now is in possession of the Boat with the repairs made by the Plaintiff, the use of the surveys, still holding the down payment and upon information and belief is still maintaining and/or did maintain the Boat in the slip paid for by the Plaintiff.

## COUNT I:  BREACH OF CONTRACT

23.   Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs.

24.   Plaintiff and Defendant entered into a contract for the sale of the Boat from Defendant to Plaintiff, which included terms that the Defendant perform certain repairs to the Boat.

25.   The Defendant breached the contract by failing to perform the necessary repairs pursuant to the contract and by never transferring the title of the Boat to the Plaintiff.

26.   As a result of the Defendant's breach of the contract, the Plaintiff was forced to expend certain monies to make the Boat livable while allowing Defendant extra time to complete the repairs, and ultimately was forced to return possession of the Boat back to the Defendant as it was not habitable an uninsurable due to the Defendants breach of contract.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

27.    Also as a result of the Defendants breach, the Plaintiff incurred additional fees and costs under this contract which have not been returned or reimbursed to the Plaintiff.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre and post judgment interest, costs, attorney's fees, and other and further relief that the Court deems just and appropriate.

## COUNT II: RESCISSION

28.    Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs.

29.    Plaintiff was induced into assenting to the contract on Defendant's representation that he would perform certain repairs and do so within a specified timeframe.

30.    Defendant materially breached the contract by failing to perform the contracted repairs.

31.    Upon realizing that Defendant was not going to make the repairs pursuant to the contract, Plaintiff returned the Boat to the Defendant and attempted to have each party made whole and returned to their pre-contract status.

32.    Plaintiff has attempted to rescind the contract; however, while the Defendant accepted the return of the Boat and has retaken possession, Defendant has

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

refused to return any of the funds expensed by the Plaintiff and due and owing to the Plaintiff.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant for compensatory damages, and seeks the rescission of the $161,500.00 contract and the return of the funds due and owing to the Plaintiff, plus pre and post judgment interest, costs, attorney's fees, and other and further relief that the Court deems just and appropriate.

### COUNT III: UNJUST ENRICHMENT

33.     Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs.

34.     The Defendant had failed to make the repairs necessary and required by the contract causing the Plaintiff to make certain repairs and improvements to the Boat to make it livable and operable.

35.     The Plaintiff made these repairs at his own expense of over four thousand dollars ($4,000.00).

36.     As a result of Defendant's breach of contract, Plaintiff was forced to return possession of the Boat to the Defendant.

37.     Defendant now has possession of the Boat, has received the benefit of the repairs made by and/or paid for by the Plaintiff, has used and/or benefitted from the in and out of water surveys paid for by the Plaintiff, has used and/or continues to use the

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

docking slip paid for by the Plaintiff, and still holds the down payment made by the Plaintiff.

38.     Defendant has appreciated and had knowledge of the benefits provided by Plaintiff.

39.     By accepting the benefits of Plaintiff's payments, services, repairs, etc., breaching the contract with Plaintiff and not returning and/or reimbursing Plaintiff for the benefits that Defendant has realized, Defendant has been unjustly enriched.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre and post judgment interest, costs, attorney's fees, and other and further relief that the Court deems just and appropriate.

## COUNT III: NEGLIGENT MISREPRESENTATION

40.     Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs.

41.     Mr. Bolinger negligently made numerous false statements regarding the repairs to the Boat, the timeline of repairs to the Boat, and the insurability of the Boat.

42.     Mr. Bolinger owed Mr. Fox a duty of care in their dealings and negotiations.

43.     Mr. Bolinger made these false statements with the intent that Mr. Fox would act upon the statements and enter into the contract with Mr. Bolinger for the sale of the Boat.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

8

44.    Mr. Bolinger knew that Mr. Fox would probably rely on his statements, which ultimately proved to be false, and the reliance would result and in fact did result in a loss to Mr. Fox.

45.    Mr. Fox justifiably relied on Mr. Bolinger's statements regarding the repairs, timeline for making the repairs and the insurability of the Boat.

46.    As a result of Mr. Fox's reliance on Mr. Bolinger's false statements, Mr. Fox entered into the contract for the sale of the Boat, which included the work which was supposed to be performed by Mr. Bolinger, and as Mr. Bolinger's statements proved to be false, Mr. Fox sustained various losses, including at this time the loss of the of the down payment, the costs of the surveys, the docking/slip fees, and monies that Mr. Fox was forced to pay for repairs that were supposed to have been performed by Mr. Bolinger.

47.    Also as a direct and proximate result of Mr. Bolinger's negligent misrepresentation, Mr. Fox was caused to suffer and continues to suffer severe physical and emotional distress, mental anguish, stress and anxiety, loss of use of the Boat, loss of enjoyment of the Boat, and other compensatory injuries, damages, losses, and harms

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre and post judgment interest, costs, attorney's fees, and other and further relief that the Court deems just and appropriate.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

## **COUNT V: FRAUD**

48.    Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs.

49.    Mr. Bolinger knowingly or with reckless disregard for the truth made numerous false representations regarding the repairs to the Boat, the timeline of repairs to the Boat and the insurability of the Boat.

50.    Mr. Bolinger made these false statements to cause Mr. Fox to enter in to the contract with Mr. Bolinger for the sale of the Boat.

51.    Mr. Bolinger knew that Mr. Fox would probably rely on his statements, which ultimately proved to be false, and the reliance would result and in fact did result in a loss to Mr. Fox.

52.    Mr. Fox justifiably relied on Mr. Bolinger's statements regarding the repairs, timeline for making the repairs and the insurability of the Boat.

68.    As a result of Mr. Fox's reliance on Mr. Bolinger's false statements, Mr. Fox entered into the contract for the sale of the Boat, which included the work which was supposed to be performed by Mr. Bolinger, and as Mr. Bolinger's statements proved to be false, Mr. Fox sustained various losses, including at this time the loss of the of the down payment, the costs of the surveys, the docking/slip fees, and monies that Mr. Fox was forced to pay for repairs that were supposed to have been performed by Mr. Bolinger.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for compensatory and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre and post judgment interest, costs, attorney's fees, and other and further relief that the Court deems just and appropriate.

Respectfully submitted,

McCARTHY WILSON LLP

By:   *//s//  Richard W. Evans, Esquire*
Richard W. Evans, Esquire #12528

*//s//  James G. Fegan, III, Esquire*
James G. Fegan, III, Esquire #20789
2200 Research Boulevard,
Suite 500
Rockville, Maryland 20850
(301) 762-7770
(301)926-7444-facsimile
evansr@mcwilson.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Kenneth Fox hereby demands a trial by jury on all issues herein.

*/s/ Richard W. Evans, Esquire*
Richard W. Evans, Esquire  #12528

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
2200 RESEARCH BLVD.
SUITE 500
ROCKVILLE, MD 20850
(301) 762-7770